# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**STEVEN W. SCOTT,**
**Claimant Below, Petitioner**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0392** (BOR Appeal No. 2052249)
                    (Claim No. 2016028699)

**WQ WATTERS COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Steven W. Scott, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. WQ Watters Company, by Timothy E. Huffman, its attorney, filed a timely response.

The issues on appeal are additional compensable conditions, temporary total disability benefits, and medical benefits. The claims administrator denied the addition of complete rotator cuff tear of the left shoulder and strain of muscle, fascia, and tendon of the upper left arm to the claim on July 28, 2016. In a separate decision the same day, the claims administrator denied an MRI and physical therapy for the left shoulder. On August 18, 2016, the claims administrator closed the claim for temporary total disability benefits, and on September 8, 2016, it denied physical therapy for the right thigh. The Office of Judges affirmed the decisions in its September 19, 2017, Order. The Order was affirmed by the Board of Review on March 27, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Scott, a union painter, was injured in the course of his employment on May 4, 2016, when he slipped and fell about five feet to the ground. Mr. Scott had a wellness exam on May 10, 2016, at Doctor's ImmediCare and reported right leg pain for the past five to seven days. He

stated that he slipped on a roof at work and fell into a hole. He was diagnosed with a traumatic hematoma and ordered to elevate his leg. He returned on May 12, 2016, for follow up. It was noted the left shoulder was not swollen but that Mr. Scott experienced pain with movement. He was diagnosed with pain in the leg and sprain of the left shoulder. The claims administrator held the claim compensable for upper right leg contusion on May 18, 2016.

On May 19, 2016, John Pierson, M.D., treated Mr. Scott for his right leg and left shoulder. Dr. Pierson noted that Mr. Scott underwent an MRI the previous April for the left shoulder. It showed a possible small tear which was conservatively treated. He noted that Mr. Scott had suffered a recent work injury where he fell through a roof and reinjured his shoulder as well as bruised his thigh. Dr. Pierson diagnosed complete rotator cuff tear or rupture of the left shoulder, not specified as traumatic; strain of the muscle, fascia, and tendon of the biceps; and contusion of the right thigh. Physical therapy was recommended for the shoulder.

Mr. Scott had treated with Dr. Pierson, and other physicians, for the left shoulder prior to the compensable injury. In May of 1996, he was treated at Bone & Joint Surgeons for the left shoulder, among other things. An April 1, 2016, left shoulder MRI revealed a tendon tear, probably full thickness. Dr. Pierson saw Mr. Scott a few days later on April 6, 2016, for left shoulder pain. At that time, Mr. Scott reported a prior left shoulder injury in 2008 and that he had experienced left shoulder pain off and on since. The pain began most recently two months prior. The left shoulder pain was constant. Dr. Pierson examined Mr. Scott and diagnosed complete rotator cuff tear or rupture of the shoulder. He stated that if conservative treatment failed, surgery should be considered. Mr. Scott then attempted physical therapy and an April 11, 2016, treatment note from Elk Valley Physical Therapy noted that he was being treated for a complete rotator cuff tear, impingement syndrome of the left shoulder, and pain in the left shoulder. He was to attend therapy for eight weeks. It was noted that his treating physician wanted to try physical therapy before surgery.

In a June 6, 2016, physician review, Syam Stoll, M.D., was asked to perform a physician review to determine if the left shoulder injury resulted from the compensable work-related fall. Dr. Stoll opined that the treatment for the left shoulder was not related to the compensable injury and recommended that treatment for the shoulder be denied. Dr. Stoll's review of the record suggested that the compensable injury was to the right leg and did not involve the left shoulder. Further, Mr. Scott had a preexisting left shoulder injury for which he was being treated prior to the compensable injury.

Mr. Scott returned to Dr. Pierson on June 9, 2016, and reported that he continued to have pain and weakness in the left shoulder which was noted as a recent re-injury. Dr. Pierson stated that Mr. Scott had a small tear back in April but had sustained a new injury when he fell through the roof at work. Dr. Pierson again diagnosed complete rotator cuff tear or rupture of the left shoulder, not specified as traumatic; strain of muscle, fascia, and tendon of the shoulder and upper arm; impingement syndrome of the left shoulder, and left thigh contusion. Dr. Pierson stated that Mr. Scott may have worsened the preexisting rotator cuff tear with the compensable injury. He recommended an MRI. The MRI was performed on June 18, 2016, and showed partial tears and/or tendonitis, fraying portions of the labrum and fluid adjacent to the biceps tendon. T.

Zekan, M.D., radiologist, commented that the MRI was similar to the preinjury MRI. On June 23, 2016, Dr. Pierson noted that he reviewed the MRI and found that the partial tear had progressed to a full tear. He recommended a left shoulder arthroscopy, subacromial decompression, and labral debridement. Mr. Scott also reported right thigh pain with activity at that time.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on July 8, 2016, in which he noted that the only compensable condition in the claim was a thigh contusion. He concluded that Mr. Scott had reached maximum medical improvement. He opined that the right thigh contusion had fully healed and no further treatment was necessary. The claims administrator suspended temporary total disability benefits on July 18, 2016, based on Dr. Mukkamala's evaluation.

On July 21, 2016, Dr. Pierson noted that Mr. Scott reported that his left shoulder pain and weakness was not improving. He also reported that his right thigh pain was still present and worse with activity. The diagnosis remained complete rotator cuff tear; strain of muscle, fascia, and tendon of the shoulder and upper arm; and right thigh contusion. Dr. Pierson noted that MRIs were performed before and after the injury and show a worsening of the rotator cuff from a partial tear to a full tear. He opined that the left shoulder condition was aggravated by the compensable injury and recommended surgery, which was performed on September 19, 2016. The post-operative diagnoses were left shoulder full thickness rotator cuff tear, impingement syndrome of the left shoulder, and type 1 superior labral tear.

Mr. Scott testified in a deposition on December 8, 2016, that on the day of the injury he slipped on a wet painted board and fell about five feet, catching himself with his right thigh and left shoulder. He finished his shift that day, Thursday, and his shift the following day. He stated that bruising appeared on his shoulder on Sunday. By Monday after his shift, his leg was swollen and he could not walk on it. He sought treatment on Tuesday. At that time, his leg hurt more than his shoulder, so his shoulder was not mentioned. When he sought treatment a second time, he reported shoulder pain. He stated that prior to the injury, he had full range of motion in the left shoulder. He admitted to slipping on ice in 2008 and injuring his left shoulder.

In a March 13, 2017, letter, Dr. Pierson stated that Mr. Scott injured his right thigh and left shoulder at work. He had treated Mr. Scott prior to the compensable injury and an MRI was performed which showed a partial thickness tear of the rotator cuff. He opined that the compensable injury aggravated the shoulder pain and a second MRI showed a full thickness tear of the rotator cuff. Dr. Pierson further opined that Mr. Scott sustained a discrete new injury as a result of the compensable injury. Prior to the compensable injury, he was able to work but has been unable to return since the compensable injury occurred.

Dr. Mukkamala performed a second independent medical evaluation on May 12, 2017. He reviewed the medical records and examined Mr. Scott. Dr. Mukkamala found that Mr. Scott suffered a contusion to the right thigh as a result of the compensable injury. He concluded that he had reached maximum medical improvement. Dr. Mukkamala opined that the left shoulder was not injured in the work-related fall.

In two separate decisions dated July 28, 2016, the claims administrator denied the addition of complete rotator cuff tear of the left shoulder and strain of muscle, fascia, and tendon of the upper left arm to the claim and denied authorization of an MRI and physical therapy for the left shoulder. On August 18, 2016, it closed the claim for temporary total disability benefits. Finally, on September 8, 2016, the claims administrator denied a request for physical therapy for the right thigh. The Office of Judges affirmed the decisions in its September 19, 2017, Order.

The Office of Judges found that, prior to the compensable injury, Mr. Scott underwent a left shoulder MRI which showed a full thickness tear. A few days later, Dr. Pierson saw Mr. Scott and also diagnosed a complete rotator cuff tear. After the compensable injury, Mr. Scott underwent a second MRI which the radiologist commented appeared to be similar to the previous MRI. Dr. Pierson then requested that complete rotator tear of the left shoulder be added to the claim. He opined that the post-injury MRI showed a significant change in the rotator cuff. The Office of Judges determined that Dr. Pierson's opinion was not well supported by the radiologist's interpretation of the MRIs. Further, Dr. Pierson diagnosed a complete rotator cuff tear prior to the compensable injury. The Office of Judges also found that Drs. Stoll and Mukkamala both opined that Mr. Scott did not injure his left shoulder as a result of the compensable injury. They noted that the initial treatment note did not mention the left shoulder.

The Office of Judges concluded that Dr. Pierson's opinion, as an orthopedic surgeon, was superior to the opinions of Drs. Mukkamala and Stoll, who are not orthopedic surgeons. However, given the MRI evidence, the preinjury diagnosis of a complete rotator cuff tear, and the fact that Mr. Scott did not initially report a left shoulder injury, the Office of Judges found that Dr. Pierson's opinion was not reliable in this case. Because the addition of complete rotator cuff tear of the left shoulder and strain of muscle, fascia, and tendon of the upper left arm was denied, the Office of Judges concluded that treatment for the conditions was also properly denied. The Office of Judges found no evidence that Mr. Scott remained temporarily and totally disabled as a result of the compensable right thigh contusion. It also concluded that the need for further physical therapy for the right thigh was not well explained, and Mr. Scott has been found to have reached maximum medical improvement for the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 27, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence of record clearly shows that the left shoulder complete rotator cuff tear preexisted the compensable injury and that the left shoulder was not involved in the mechanism of injury. Treatment for such was therefore properly denied. Further, Mr. Scott was found to have reached maximum medical improvement for his compensable right thigh contusion and there is no indication for physical therapy.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 2, 2018


**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.